

**The following constitutes the order of the Court.
Signed: October 2, 2020**

_____
**William J. Lafferty, III
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Laurie Ann Harms,<br><br>            Debtor. | Case No. 20-41442 WJL<br>Chapter 13<br><br><u>HEARING SCHEDULED</u><br>Date: October 7, 2020<br>Time: 9:30 a.m.<br>VIA VIDEO/TELECONFERENCE |

**MEMORANDUM PRIOR TO HEARING**

    The Court writes this Memorandum as a follow-up to the Court's Order On Application For Services To Persons With Communications Disabilities (Dkt. 21). Because Debtor's Application For Services To Persons With Communications Disabilities ("Application") (Dkt. 22) appeared to indicate to the Court that Debtor may expect the Court to address a variety of evidentiary issues at a hearing on movant NGC Fund I LLC's ("NGC") Motion For Relief From Stay And Co-Debtor Stay ("Motion") (Dkt. 18), scheduled for the above-captioned date and time, the Court writes to clarify, primarily for the benefit of the Debtor, the limited scope of a hearing on such a Motion, and the issues likely to be addressed at

the hearing.

Upon the filing of a bankruptcy petition, a bankruptcy estate is created, and an automatic stay goes into effect.  A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  The automatic stay applies to all property of the bankruptcy estate, and bars creditors from taking any action against property of the bankruptcy estate, and stays all litigation against the debtor. 11 U.S.C. § 362.

The main question the Court must address at the hearing on NGC's Motion is whether NGC has demonstrated that there is cause to lift the automatic stay as to the state court unlawful detainer action that has been pending, per NGC's Motion, since February 15, 2019.  Without intending this Memorandum to constitute a tentative ruling, the Court notes that "[a]mong factors appropriate to consider in determining whether relief from the automatic stay should be granted to allow state court proceedings to continue are considerations of judicial economy and the expertise of the state court." *Kronemyer v. American Contractors Indemnity Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009).  Employing this analysis, at a hearing for a motion for relief from stay to permit a state court to continue a proceeding commenced before the bankruptcy filing, on a matter that the state court is competent to determine, it will not be for this Court to determine any of the merits underlying the state court unlawful detainer action.  The only ruling for this Court to make at a hearing on NGC's Motion is whether there is reason to restrain the state court from continuing with its own proceedings.

To the extent that Debtor contests the legitimacy of any underlying foreclosure sale which preceded the state court unlawful detainer action, or any actions related to such a sale, those arguments relate to the merits of the unlawful detainer action, and not to the hearing on NGC's Motion. Moreover, the automatic stay would normally neither restrain the Debtor from vigorously contesting the unlawful detainer action, nor, in many cases, from pursuing meritorious claims, if any, against parties liable for an improper foreclosure. And the existence or pursuit of such claims would not ordinarily have any effect on the Court's ruling on a motion for relief from stay.

**\*END OF MEMORANDUM\***

**COURT SERVICE LIST**

Laurie Ann Harms
400 Del Antico Avenue
#1211
Oakley, CA 94561