CHERYL C. ROUSE (State Bar No. 118313)
NORMAN P. BAHLERT (State Bar No. 135693)
LAW OFFICES OF ROUSE & BAHLERT
1246 18th Street,
San Francisco, CA 94107
Tel (415) 575-9444
Fax (415) 575-9440
rblaw@ix.netcom.com

Attorneys for Creditor
NGC Fund I LLC, a Delaware
Limited Liability Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

LAURIE ANN HARMS,

        Debtor.

Case No.: 20-41442
Chapter 13

RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 2-1 AND REQUEST FOR HEARING

TO THE COURT AND TO ALL INTERESTED PARTIES:

      NGC Fund I LLC, a Delaware Limited Liability Company ("NGC") hereby responds to Debtor's "Objection" to its claim and requests that a hearing be set on the matter after the conclusion of the trial to be scheduled in the pending unlawful detainer action. Said action is entitled *The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate holders of CWALT, Inc. Alternative Loan Trust 2005-27, Mortgage Pass-Through Certificates Series 2005-27 v. Dale Harms, Laurie Harms and Does 1 through 5,* Case No. PS 19-0160 (the "UD Action"). NGC responds to the objection as follows:

      1.     NGC's Claim was filed on November 10, 2020. This is a contingent claim based upon NGC's pending UD Action. The verified complaint filed in that case seeks statutory damages under CCP § 1174(b) for daily rent for the reasonable value of the use and

occupancy of premises in the amount of $131.53 per day from 1/19/19, which is the date of the expiration of 3 day notice period.  The Claim calculates the accrued amount to be $77,734.23 for the 591 day period from 1/19/19 to 9/1/20, which is the date of the filing of the petition.

2.   The bankruptcy court granted relief from stay for the unlawful detainer trial to proceed in state court.  Debtor thereafter removed the case to the bankruptcy court, which in turn remanded the case back to state court.  For NGC to recover damages, they must be awarded by the state court.  NGC timely filed the proof of claim to preserve its right to claim any damages that may be awarded to it by the state court in this bankruptcy case.

3.   State law authorizes the recovery of the damages sought by the unlawful detainer complaint. Specifically, "[i]n any other unlawful detainer (not based on nonpayment of rent), the only "damages" recoverable are those occasioned by defendant's wrongful holding over (CCP § 1174(b))—meaning the reasonable rental value of the premises from the time of termination of the tenancy through the time that the tenant unlawfully detained (up until entry of the unlawful detainer judgment). [CCP § 1174; *Roberts v. Redlich* (1952) 111 CA2d 566, 569, 244 P2d 933, 935; *Castle Park No. 5 v. Katherine* (1979) 91 CA3d Supp. 6, 12, 154 CR 498, 502; *Hudec v. Robertson* (1989) 210 CA3d 1156, 1163, 258 CR 868, 873]" California Practice Guide--Landlord-Tenant, Judge Terry B. Friedman (Ret.), Judge David A. Garcia (Ret.), and Valentine S. Hoy (2020) Section 8:63.

4.   In the event that NGC prevails at the UD trial and the state court awards damages in an amount different than that set forth in the proof of claim, NGC will amend the proof of claim accordingly.  In the event, that debtor prevails at the UD trial and no damages are awarded, NGC will withdraw its proof of claim.

Dated: December 14, 2020      LAW OFFICES OF ROUSE & BAHLERT

BY:   /s/ Cheryl C. Rouse
      CHERYL C. ROUSE
      Attorneys for NGC Fund I LLC, a Delaware
      Limited Liability Company